ROMAINE J. REED,

          Petitioner,

v.                                                                                Case No. 23-cv-0965-bhl

CHRIS BUESGEN, Warden,

          Respondent.

---

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITONER'S § 2254 HABEAS PETITION

---

      Petitioner Romaine J. Reed, a state prisoner currently incarcerated at Stanley Correctional Institution, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) The Respondent has moved to dismiss Reed's petition as untimely. (ECF No. 11.) Because Reed's petition is untimely and he has failed to demonstrate that equitable tolling should apply, the Court will grant Respondent's motion to dismiss and dismiss Reed's petition.

### FACTUAL AND PROCEDURAL BACKGROUND

      Reed was charged with one count of repeated sexual assault of the same child, with at least three violations constituting first-degree sexual assault, in violation of Wis. Stat. § 948.025(1)(d) (2015–16). (ECF No. 1 at 2); *see also State v. Reed*, Appeal No. 2017AP883-CR, 2018 WL 4489483 (Wis. Ct. App. Sept. 18, 2018) (per curiam). After proceeding to trial in Milwaukee County Circuit Court, a jury found Reed guilty as charged and he was sentenced to thirty years' initial confinement to be followed by fifteen years' extended supervision. (ECF No. 1 at 2.) Reed appealed his conviction, and on September 18, 2018, the Wisconsin Court of Appeals affirmed. (*Id.* at 3.) The Wisconsin Supreme Court denied Reed's petition for review on January 15, 2019. (ECF No. 12-2.) Reed did not file a petition for writ of certiorari with the United States Supreme Court. (ECF No. 1 at 4.)

      On January 3, 2020, Reed filed a petition for writ of habeas corpus in federal court. *See Reed v. Richardson*, Case No. 20-cv-0047-jps, 2020 WL 570639 (E.D. Wis. Feb. 5, 2020). On

March 23, 2020, the district court granted Reed's notice of voluntary dismissal and dismissed Reed's petition without prejudice.[1]  (ECF No. 12-3.)

On April 9, 2020, Reed filed a *pro se* motion for postconviction relief pursuant to Wis. Stat. § 974.06 in the Wisconsin circuit court.  (ECF No. 12-4.)  The circuit court denied Reed's motion without an evidentiary hearing.  (ECF No. 1 at 4.)  Reed appealed the order denying his motion to the Wisconsin Court of Appeals and on February 28, 2023, the Court of Appeals concluded that the circuit court properly denied Reed's Section 974.06 motion without an evidentiary hearing and declined to exercise its discretionary authority to order a new trial in the interest of justice.  (ECF No. 1-1 at 9-18.)  The Wisconsin Supreme Court then denied review on June 22, 2023.  (ECF No. 12-5.)

Reed filed the present petition on July 10, 2023.[2]  (ECF No. 1.)  The Court screened the petition and ordered Respondent to respond.  (ECF No. 4.)  On September 22, 2023, Respondent filed a motion to dismiss contending that Reed's petition should be dismissed as untimely.  (ECF No. 11.)  After granting Reed a number of extensions to respond, Reed filed a brief in opposition, conceding that his petition is untimely but arguing that the Court should apply equitable tolling and decline to dismiss his petition.  (ECF No. 20 at 1–2.)  Because the petition is untimely and Reed has failed to demonstrate that equitable tolling should apply, the Court will grant Respondent's motion to dismiss and dismiss Reed's petition.

## LEGAL STANDARD

A prisoner who wants to challenge a state conviction by filing a federal writ of habeas corpus must file his petition within one year from the latest of four dates: (1) when the conviction became final by direct review or the expiration of time for seeking direct review; (2) resolution of a state-created impediment to filing the federal habeas petition; (3) the announcement of a new rule of constitutional law by the Supreme Court of the United States that is applicable to the habeas corpus case; or (4) the date facts underlying the federal claim first became discoverable by due

---

[1] Because Reed's habeas petition was dismissed without prejudice, it does not constitute a "first" habeas petition and therefore, is not a "successive" petition under 28 U.S.C. § 2244(a)-(b), requiring Seventh Circuit authorization to be filed.  *See Pavlovsky v. Vannatta*, 431 F.3d 1063, 1064 (7th Cir. 2005).  The Court also dates Reed's filings by the dates that he signed them and represented that he placed them in the prison mail system.  *See Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015).

[2] "Under the 'prison mailbox rule,' a federal habeas petition is deemed filed when the petitioner hands it over to the prison authorities for mailing to the district court."  *Thornton v. Cromwell*, No. 22-C-469, 2022 WL 4468083 at *2, (E.D. Wis. Sept. 26, 2022) (citing *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999)).

diligence. *See* 28 U.S.C. § 2244(d)(1)(A)–(D). This one-year period is tolled during any days when a properly filed "application for State post-conviction or other collateral review" is pending in state court. *Id.* § 2244(d)(2); *see also Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). A petition for collateral relief in state court is no longer "'pending' after the state court's postconviction review is complete." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Therefore, "§ 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari" after "the State's highest court has issued its mandate or denied review." *Id.*

## ANALYSIS

**I.     Petitioner's Habeas Petition Is Untimely and He Is Not Entitled to Equitable Tolling.**

Reed concedes that the one-year filing deadline for his habeas petition began to run on the date his conviction became final. (ECF No. 20 at 1); 28 U.S.C. § 2244(d)(1)(A). Under the habeas statute, the limitations period begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ. *See* § 2244(d)(1)(A); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Because Reed did not seek certiorari in the United States Supreme Court, Reed's judgment of conviction became final on April 15, 2019, 90 days after the Wisconsin Supreme Court denied review on January 15, 2019. Reed had until April 15, 2020, to file a timely federal habeas petition. *See* 28 U.S.C. § 2244(d)(1).

On April 9, 2020, Reed tolled the statute of limitations when he filed a collateral motion for postconviction relief pursuant to Wis. Stat. § 974.06. (ECF No. 12-4.) On that date, Reed had only six days remaining in which to file a federal habeas petition after the Wisconsin Supreme Court "issued its mandate or denied review" regarding his § 974.06 motion. *Lawrence*, 549 U.S. at 332. The Court notes that such a postconviction motion does not reset the federal clock for a timely writ of habeas corpus, although the one-year filing deadline is tolled during any days that the petitioner has a properly filed application for collateral review pending in state court. "Any other approach would eliminate all federal time limits whenever a state does not have (or does not enforce) a time limit for collateral review: a state collateral proceeding, however belated and however unmeritorious, would reset the federal clock." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). As previously noted, the Wisconsin Supreme Court denied review of Reed's

postconviction motion on June 22, 2023. (ECF No. 12-5.) Once the Wisconsin Supreme Court denied review, Reed had six days remaining to timely file his federal habeas petition or on or before June 28, 2023. Reed filed the present petition on July 10, 2023, which was twelve days past the deadline. As acknowledged by Reed, his petition is untimely. (ECF No. 20 at 1.)

Reed nevertheless argues he is entitled to equitable tolling. This argument fails because Reed has not provided any extraordinary circumstances to support tolling the limitations period. *See Mayberry v. Dittmann*, 904 F.3d 525, 529–31 (7th Cir. 2018) (describing circumstances that support equitable tolling). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (internal quotations omitted). Equitable tolling is an extraordinary remedy and so "is rarely granted." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (collecting cases). The petitioner seeking equitable tolling bears the burden of establishing that it is warranted. *See Williams v. Buss*, 538 F.3d 683, 686 (7th Cir. 2008).

First, Reed has not demonstrated that he has been pursuing his rights diligently. Reed's conviction became final on April 15, 2019. Reed waited over eight months before filing a habeas petition in January 2020, but voluntarily dismissed that petition in March 2020 to pursue a motion for postconviction relief on April 9, 2020, with six days remaining on the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (finding a lack of diligence when petitioner "s[a]t on his rights" for five months after his postconviction proceedings became final and before deciding to seek relief in federal court). Reed does not provide any excuse for waiting over eight months to pursue relief in federal court.

Reed has also failed to identify any extraordinary circumstances that prevented him from timely filing his petition. "Abandonment by counsel" or the "inability to access vital papers" are examples of potentially extenuating circumstances that may justify equitable tolling. *See Schmid v. McCauley*, 825 F.3d 348, 350 (7th Cir. 2016). Reed does not present such circumstances. Reed contends that he was impeded from timely filing his petition due to a lack of access to his prison's law library and because he is "unlearned with the law." (ECF No. 20 at 1.) Neither excuse justifies equitable tolling. Reed's impediments are common to nearly every prisoner seeking federal habeas relief. Even if these allegations are true, they are insufficient as a matter of law to support equitable tolling. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008 ("[A] prisoner's limited access

to the prison law library is not grounds for equitable tolling."); *Socha v Boughton*, 763 F.3d 674, 685 (7th Cir. 2014 ("[L]ack of legal knowledge" is not "by itself enough to justify equitable tolling.").

Reed's final argument for equitable tolling is that the Wisconsin Supreme Court failed to mail him the order denying review and he had to write the court to determine the status of his case and once he received the order, he lacked time to make necessary copies due to a modified lockdown at his prison. (ECF No. 20 at 1–2.) As noted by Respondent, Reed offers no evidence in support of this claim and other evidence contradicts it. (ECF No. 21 at 4.) Specifically, the Wisconsin Supreme Court has no record of Reed sending it a letter after it denied review on June 22, 2023. (ECF No. 12-5; ECF No. 20 at 2.) The docket indicates that Reed sent this letter seeking an update on May 10, 2023, more than a month before his petition for review was denied. (ECF No. 21-2 at 1.) And, even if true, the Seventh Circuit has rejected equitable tolling based on a petitioner's allegations that the state interfered with his mail and that he had been placed in segregation for 60 days. *See Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). As noted by the Seventh Circuit, "equitable tolling is rarely granted." *Id.* In this case, Reed has failed to demonstrate that he is entitled to equitable tolling. Accordingly, Reed's petition for writ of habeas corpus is dismissed.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition on the merits.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss, ECF No. 11, is **GRANTED**.

**IT IS FURTHER ORDERED** that Reed's petition for a writ of habeas corpus, ECF No. 1, is **DENIED**, and the case is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.

Dated at Milwaukee, Wisconsin on April 15, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge